FIDELITY UNION TRUST COMPANY, as trustee, complainant-respondent,

*v.*

ESSEX COUNTY MORTGAGE COMPANY et al., defendant-appellant.

[Argued May 27th, 1941.   Decided October 20th, 1941.]

*Mr. Alfred C. Clapp,* for the complainant-respondent.

*Mr. Milton M. Unger,* for the defendant-appellant.

The opinion of the court was delivered by

COLIE, J.

Essex County Mortgage Company appeals from an order advised by Vice-Chancellor Stein, discharging an order to show cause and dismissing a petition filed by it in a foreclosure suit.   The facts are that Natalie W. Gunnell and Lewis H. Gunnell, Jr., her husband, executed to Fidelity Union Trust Company a bond in the sum of $10,000 and a mortgage to secure the payment of the same covering premises on Ridgewood Road, South Orange, New Jersey.   Subsequently they placed a second mortgage of $4,000 on the same property, which was assigned to the appellant herein, who reassigned it to one Eugene A. Kelly.   There was a third mortgage on the property with which we are not now concerned.   Eugene

A. Kelly foreclosed the second mortgage. A decree was entered and the premises sold to him, after which he conveyed to the present appellant, who entered into an extension agreement with the respondent herein, covenanted to pay the amount due on the Gunnell bond and mortgage and executed an additional bond as collateral security. Thereafter there was a default in payment of interest and principal on the first mortgage and the respondent foreclosed. The property was sold under a *fieri facias* on July 2d, 1940, and the order confirming the sale of the property for $100 to Fidelity Union Trust Company, the complainant in the foreclosure suit and the respondent here, was filed July 15th, 1940. After crediting the sale price of $100 upon the obligation, there existed a deficiency of $9,688.63 to recover which the respondent instituted an action at law on October 8th, 1940. Appellant filed an answer which respondent moved to strike. On December 18th, 1940, but before the motion to strike was heard, appellant filed a petition in the Court of Chancery wherein it sought to have credited against the mortgage deficiency the fair market value of the premises. An order to show cause issued with *ad interim* restraint against prosecution of the action at law. Upon the return date, the order to show cause was discharged and the petition dismissed. From this order the present appeal is taken.

The Vice-Chancellor denied the prayers of the petition because the time to appeal from the order confirming sale had long since expired. The present appellant did nothing from the date of filing of the order of confirmation until it filed the petition praying credit for fair market value; a period of over five months.

The order confirming sale in the foreclosure suit was interlocutory not final (*Fidelity Union Trust Co.* v. *North Jersey Poultry Co., 123 N. J. Eq. 259*) and appeal therefrom should have been taken within thirty days. *R. S. 1937, 2:29-118.*

The order entered below is correct unless there exists a special equity that would bring appellant within the exception stated in *Watkinson* v. *Watkinson, 68 N. J. Eq. 632,* which exception allows the filing of a bill of review after the time to appeal has expired where there exists a special equity

that would give the court discretionary power to extend the time to appeal.

The so-called special equities relied upon by appellant are, first, the sale of the property at an unconscionable figure when appellant was financially unable to help itself.

The entering of the order confirming the sale under the foreclosure impliedly established that the sale was equitable and appellant is bound thereby. We have held in *Harvester Building and Loan Association* v. *Kaufherr, 122 N. J. Eq. 373,* that "It is not within the power of the Court of Chancery, while the sale stands as confirmed, to ignore its own decree which is conclusive as to value, by taking an *ex post facto* proceeding to redetermine such value for the purpose of itself effecting a credit on the decree or on the bond." Rule 230 of the Court of Chancery provides for the procedure to be followed in objecting to confirmation of sale. Appellant did not elect to follow the outlined procedure and is now foreclosed from collaterally attacking the adequacy of the sale price.

The second special equity is based upon a paragraph in the bill to foreclose reciting that "The said premises in their present condition and at the present day fair market value are worth $7,800." It is argued that this allegation amounts to an equitable estoppel against respondent. Among the essential requisites to call into operation this doctrine, the conduct relied upon to raise the estoppel must be done with the intention or the expectation that it will be acted upon, or under such circumstances that it is both natural and probable that it will be so acted upon; the conduct must be relied upon, and thus relying, acted upon. *2 Pom. Eq. Jur. (4th ed.)* § *805; Central Railroad Co.* v. *MacCartney, 68 N. J. Law 165.* Appellant's petition and supporting affidavit do not set forth facts which meet the above requirements.

The last special equity urged is that appellant will suffer irreparable damage since it has no right of redemption. In this respect the situation is no different from that which existed in *Fidelity Union Trust Co.* v. *North Jersey Poultry Co., supra,* and we therefore hold that the absence of a right of redemption in the owner of property sold under foreclosure

is not such a special equity as will warrant the court in setting aside an order confirming sale where the time to appeal therefrom has expired.

The order of the Court of Chancery appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, THOMPSON, JJ. 12.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ. 3.